# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ANDRE MCRUNELS, #193721,

       Petitioner,

                          Civil No: 2:07-CV-15486
                          Honorable Lawrence P. Zatkoff
                          Magistrate Judge Steven D. Pepe

v.

GERALD HOFBAUER,

       Respondent.

_____/

## OPINION & ORDER GRANTING RESPONDENT'S  MOTION TO DISMISS AND DENYING A CERTIFICATE OF APPEALABILITY & LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Andre McRunels ("Petitioner"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at Marquette Branch Prison Correctional Facility in Marquette, Michigan, challenges his convictions following a 1988 Wayne County bench trial for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520(b)(1)(e);  armed robbery, Mich. Comp. Laws § 750.529; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b[1].  Respondent argues in a motion to dismiss that the habeas petition is barred from review by the statute of limitations.  The Court agrees. Therefore, Respondent's motion to dismiss is GRANTED and the habeas petition will be DISMISSED.

## I.  Background

_____

[1]Petitioner was acquitted of unlawfully driving away a vehicle, Mich. Comp. Laws § 750.413.

Petitioner filed his claim of appeal with the Michigan Court of Appeals within the appropriate time. On December 6, 1991, the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. McRunels*, No: 110400, (Mich. Ct. App. Dec. 6, 1991). Under MCR 7.302(C)(3), Petitioner had fifty-six (56) days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because Petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations, on January 31, 1992, fifty-six (56) days after the Michigan Court of Appeals affirmed his conviction. See *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

Therefore, Petitioner had until January 31, 1993, to file his petition for a writ of habeas corpus with this Court, unless the limitations period was otherwise tolled. *See* 28 U.S.C. §2244(d)(1). Since Petitioner's conviction became final before the effective date (April 24, 1996) of the AEDPA, Petitioner had until April 24, 1997, to file his habeas petition. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

In 2005, Petitioner filed a motion for relief from judgment with the trial court, which was denied on July 19, 2005. Petitioner subsequently filed an application for leave to appeal with the Michigan Court of Appeals, which was denied on November 9, 2006. *People v. McRunels*, No: 270094 (Mich. Ct. App. Nov. 9, 2006). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was also denied on May 30, 2007. *People v. McRunels*, 731 N.W.2d 703 (Mich. 2007). Petitioner signed and filed his habeas petition with this Court on December 21, 2007, raising the following issues:

2

I.  There was insufficient evidence to sustain a conviction for the charge of first-degree criminal sexual conduct.

II.  The Petitioner was denied due process of law when the trial court failed to conduct a criminal responsibility hearing thereby denying him a viable defense to the charged offenses.

III.  The Petitioner was denied due process of law when his court assigned counsel failed to render competent performance as guaranteed in the Sixth Amendment of the Bill of Rights to our United States Constitution.

IV.  The Petitioner was denied due process of law when his assigned appellate counsel failed to render competent assistance in his first appeal of right in violation of his Fourteenth Amendment to our United States Constitutional Bill of Rights.

V.  There was insufficient evidence to sustain a guilty verdict for the charged offense of armed robbery.

VI.  The prosecutor denied the Petitioner his due process rights to a fair trial when he failed to disclose the names of material witnesses and concealed evidence that was directly relevant to the case.

VII.  The Court failed to articulate a factual finding sufficient to support its guilty verdict in the instant case.

VIII.  The cumulative effects to the instant claims of errors deprived Petitioner of receiving his constitutional right to due process of law.

IX.  The application of the procedural default of MCR 6.508(D)(3) by the Court of Appeals and the Michigan Supreme Court to deny Petitioner's application for leave to appeal is materially prejudicial, causing that Court to breach its ministerial duty to impartiality in its adjudication of this cause of action.

Respondent urges the Court to dismiss these claims on the ground that Petitioner did not comply with the one-year statute of limitations, does not present a persuasive equitable tolling argument, and does not argue a credible actual innocence claim.

## II.  Discussion

### A.  Statute of Limitations

Under the AEDPA, a one-year statute of limitations shall apply to an application of a writ

3

of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one-year statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A petition for a writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations.  See *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

For inmates like Petitioner, whose convictions became final before the AEDPA was enacted, there was a grace period of one year, or until April 27, 1997, to file their habeas petitions.  *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Brown v. O'Dea*, 187 F.3d 572, 577(6th Cir. 1999), *rev'd on other grounds*, 530 U.S. 1257 (2000).  Petitioner did not file his habeas petition until December 21, 2007, over ten (10) years after the statute of limitations period expired.  His pleading is time-barred, absent tolling or a delayed start of the statute of limitations under one of the subsections quoted above.

**B.  Tolling**

4

### 1. Statutory Tolling Pursuant to § 2244(d)(2)

"[T]he one year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.'" *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner's motion for relief from judgment, which was not filed until 2005, did not affect the statute of limitations because the statutory period expired on April 24, 1997, well before Petitioner filed that motion. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *Id.*; *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Because the one-year limitations period had already expired by the time Petitioner filed his post-conviction motion, the filing of his motion did not toll the limitations period and the instant petition is therefore untimely. Consequently, the tolling available under § 2244(d)(2) does not benefit Petitioner.

### 2. Equitable Tolling

The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Nevertheless, "equitable tolling [should] be applied sparingly[.]" *Dunlap*, 250 F.3d at 1008. In determining whether equitable tolling is appropriate, the Court must consider "(1) the

5

petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Andrew v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

Lack of prejudice to the respondent is not an independent basis for involving the doctrine of equitable tolling. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Petitioner has not alleged that he lacked notice or knowledge of the filing requirement. Nor has he demonstrated that he was diligent in pursuing his claims. He could have raised all of his claims, except the appellate counsel argument, on direct review of his convictions; and he could have asserted his appellate counsel claim in a post-conviction motion filed after direct review of his convictions concluded in 1992. Equitable tolling is not appropriate under the circumstances.

### 3.   Tolling for Actual Innocence

Courts may toll the habeas statute of limitations for a credible claim of actual innocence. *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). To this end, in order to establish actual innocence, the petitioner must demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of the new evidence. *Id.*; *see also House v. Bell*, 547 U.S. 518, 538 (2006). However, to prevail on a claim of actual innocence, a habeas petitioner generally has "to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter*, 395 F.3d at 600 (explaining that the actual innocence exception for time barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the

6

reviewing court's confidence in the outcome of the trial).

In the present case, in support of Petitioner's claim that he is actually innocent, he argues that his alleged new and reliable evidence is three-fold. First, the testimony of Sherlene Gotcher is cited as new evidence. Petitioner asserts that her testimony would show that the victim (i.e., complainant) of the alleged rape was having a telephone conversation with Ms. Gotcher at the same time the victim claims she was being sexually assaulted. Therefore, Petitioner maintains that since Ms. Gotcher's testimony places the victim at home on the phone talking to her at the same time that the victim claims she was raped, Ms. Gotcher's testimony calls into question the victim's version of events regarding the time and location of the alleged rape.

Ms. Gotcher's testimony is not new evidence nor does it exonerate Petitioner from his involvement in the complainant's rape. Ms. Gotcher's statement was dated June 29, 1987; and Petitioner admits that his attorney was provided a copy of Ms. Gotcher's statement during trial, but that his attorney failed to investigate and interview Ms. Gotcher. (Resp. to Mot. to Dismiss, p. 10); (Pet. at Ex. 5). Further, Ms. Gotcher's statement directly implicates Petitioner in the sexual assault when she states that the victim told her she was abducted at gun point and raped by Petitioner. (Pet. at Ex. 5). Therefore, at best, Ms. Gotcher's testimony would serve to impeach the complainant's trial testimony, which is insufficient to support a claim of actual innocence. *Harris v. Stegall*, 157 F. Supp. 2d 743, 750-51 (E.D. Mich. 2001).

Second, Petitioner asserts that the testimony of Maurice Watkins is new evidence. Mr. Watkins' testimony would depict the complainant as a "crack head" and would provide an alibi for Petitioner. Mr. Watkins was allegedly with Petitioner when the sexual assault took place. However, the only evidence Petitioner offers regarding Mr. Watkins' alibi testimony is a self-serving affidavit

7

authored by Petitioner. (Mot. to Expand, Ex. 12). This affidavit, dated September 28, 2008, was clearly prepared in anticipation for challenging Respondent's motion to dismiss and has little value in assessing whether Petitioner has presented a credible actual innocence claim. Moreover, Petitioner's affidavit constitutes hearsay testimony, which is also insufficient to establish a habeas petitioner's actual innocence, so as to toll the limitations period. *See Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 433 (6th Cir. 2007), *cert. denied* __ U.S. __, 128 S.Ct. 233 (2007).

Finally, Petitioner states that new evidence in the form of cash register sales receipts, the cashier's code, and the victim's clothing, "would have impeached the complainant's testimony, and *could have* exonerated the Petitioner." (Resp. to Mot. to Dismiss, p. 17) (emphasis added). There was testimony at trial about the items complainant claims she purchased at the gas station just prior to her sexual assault as well as testimony about the clothing she was wearing on the day of her rape. (Tr. 3/24/88, pp. 11-12, 15, 51-52). Therefore, although Petitioner's purported new evidence of sales receipts (for the purpose of placing in dispute what the complainant purchased at the gas station prior to her assault) and complainant's clothing (for supposed DNA evidence) may constitute new physical evidence, the underlying basis for the evidence is not new and should have been obvious to Petitioner at trial. Petitioner could have raised impeachment claims on direct review or in a motion for relief from judgment filed before the expiration of the statute of limitations. Furthermore, the above-referenced evidence does not establish Petitioner's innocence.

Therefore, to the extent that Petitioner is alleging a claim of actual innocence, his claim is not credible and does not entitle him to tolling of the limitations period.

8

**C.  Certificate of Appealability**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds (i.e., statute of limitations) without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debateable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  In such a case, no appeal is warranted.  *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable.  No certificate of appealability is warranted in this case.

Relative to the issue of pursuing this matter *in forma pauperis* on appeal, for the reasons stated in this order, the Court finds that an appeal in this case would be frivolous and not taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).  Therefore, Petitioner is not certified to pursue an appeal from this judgment *in forma pauperis*.  28 U.S.C. § 1915(a)(3).

**III. Conclusion**

Accordingly,

IT IS ORDERED that "Respondent's Motion to Dismiss" [dkt 7] is GRANTED and the petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Petitioner's "Motion for Discovery" [dkt 12] and "Motion to Expand the Record" [dkt 13] are DENIED as MOOT;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED;

IT IS FURTHER ORDERED that Petitioner SHALL NOT  proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.


                              S/Lawrence P. Zatkoff_____
                              LAWRENCE P. ZATKOFF
                              UNITED STATES DISTRICT JUDGE

Dated:  February 10, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 10, 2009.


                              S/Marie E. Verlinde_____
                              Case Manager
                              (810) 984-3290

10